

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN

~~XXXXXXXXXXXXXXXX~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5342

Re: Whether a bequest to
the Masonic Temple
Association of Fort
Worth is exempt from
the payment of inheri-
tance taxes.

In your letter of May 28, 1943, you inquired whether a bequest to the Masonic Temple Association of Fort Worth is exempt from inheritance taxes by virtue of its being a bequest to a charitable organization.

The inheritance taxes normally applicable to bequests and devises to associations and corporations are contained in Article 7122, V. A. C. S., but the rate schedule therein established is subject to the following proviso:

"Provided, however, that this Article shall not apply on property passing to or for the use of the United States or any religious, educational or charitable organization when such bequest, devise or gift is to be used within this State."

It is apparent that this exemption obtains only when (a) the bequest is to one of the named types of organization, and (b) the property bequeathed is to be used by such organization within this State.

Pertinent portions of the charter of the Masonic Temple Association of Fort Worth are as follows:

"First. The name of this corporation is "MASONIC TEMPLE ASSOCIATION OF FORT WORTH."

"Second. The purpose for which this corporation is formed is to support charitable and benevolent

undertakings through the erection and maintenance of a building for the benefit of the various contributing lodges.

"Third. The corporation shall have its place of business in the City of Fort Worth, Tarrant County, Texas.

"Fourth.........

"Fifth..........

"Sixth. No money coming into the possession of this association, nor property of any kind, now or hereafter owned or to be owned by it, nor any assets arising therefrom, shall ever go or enure to the benefit of any certificate of donation holder in this association. All moneys realized by this association by the conveyance of properties from the respective contributing lodges or orders, and all moneys received by contribution, gifts and otherwise, shall be used for the liquidation of the indebtedness on the buildings and improvements of the association and for the carrying out of the purposes for which this association is organized.

"Seventh. This association shall not have any capital stock, but for the purpose of raising and supplying part of the funds with which to erect and maintain a building, and to retire and pay off the bonds and other evidences of indebtedness which will be required in the building and completion of said building, the various lodges and orders contributing property, both real and personal, for such purposes shall be issued certificates of donation pro rata upon the basis of such assets received from such contributing lodges or orders as the same bears to the total value of the buildings and property when said building and improvements have been fully completed.

"Eighth. Each contributing lodge or order shall be entitled to be represented upon the board of trustees of said corporation by the election or appointment of three of its members respectively and each such contributing lodge or order shall be entitled to one vote at any meeting of said board of trustees, irrespective of the amount of certificates of donation owned by any one of said contributing lodges or orders.

"Ninth........."

Although the charter describes the Association in question as one formed to "support charitable and benevolent undertakings," we feel that the Association is not the type of "charitable organization" comprehended by the proviso to Article 7122.

In the case of Masonic Temple Association et al v. Amarillo Independent School District, 14 S.W. (2d) 128 (error refused), a corporation identical to the one here in question in all material respects except that membership therein was specifically limited to "various Masonic bodies and lodges of Amarillo, Texas," claimed an exemption from ad valorem taxation under Section 2 of Article VIII of our Constitution permitting the legislature to exempt "buildings used exclusively and owned by ...institutions of purely public charity" and under Article 7150 (7), V.A.C.S., exempting "all buildings belonging to institutions of purely public charity. . ." In denying the exemption Judge Jackson pointed out that since the various Masonic orders which were stockholders in the Association and who used the building were not "orders which do nothing but dispense charity, but which do dispense charity," the building in question was not owned and used exclusively by an institution of purely public charity.

Admittedly, the constitutional and statutory provisions involved in the Amarillo case differ from those here under consideration, yet we feel that the principles enunciated in that case are applicable here. If the Fort Worth Association is a "charitable organization" within the language of Article 7122, it obtains that status only because of the use which is to be made of its building. Under the charter the users of the building are denominated only as the "various contributing lodges or orders," and the lodges or orders which may be accepted as holders of certificates of donation may be Masonic or non-Masonic, domestic or foreign, charitable or non-charitable. Moreover, although the building is to be erected and maintained "for the benefit of the various contributing lodges," the charter affords no other indication of the nature of the building or the use to which it shall be put. Even if we could assume that all of the contributing lodges will be, to a certain extent, charitable organizations, the charter affords no guarantee that the

building will be used wholly or in part to further the charitable functions of such organizations.

Furthermore, to claim the exemption provided by Article 7122 it is necessary that the bequest be one which is to be used within this State. Under the sixth clause of the charter the bequest in question must be used for the liquidation of the indebtedness on the buildings and improvements of the Association and for the carrying out of the purposes for which the Association was organized. The charter provides no indication or guarantee that the buildings or improvements of the Association will be located within this State, and the testator's will in no way restricts the Association to using the bequest for buildings or improvements within this State or to retiring the indebtedness on such buildings or improvements. While the Association is a domestic corporation and while its place of business is established at Fort Worth, still these facts are not incompatible with out-of-state operation, nor, we feel, do they give rise to a presumption that the Association will confine its activities to this State. In the case of San Jacinto National Bank v. Sheppard, 125 S.W. (2d) 715, in construing a statute (Article 7119, V.A.C.S., prior to its amendment in 1933) which taxed charitable bequests which were "to be used without this State," Justice Baugh said at p. 716:

> "Nowhere in its charter was anything required to be done in Texas. Nor did the will of Milroy require the funds derived from his devise to it to be used in Texas. Clearly under the charter and said will the beneficiary corporation could have used the devise anywhere the directors thereof should determine in their meetings in Ohio."

Although the facts in that case involved a corporation located in Ohio and operating in Texas but which was not required by its charter to do so, while the facts immediately at hand involve a corporation located in Texas which may operate elsewhere and which is not forbidden by its charter to do so, yet we feel that the language of Justice Baugh is here pertinent. In accordance with this language, we feel that a bequest is made exempt under Article 7122 only when the bequest is specifically required by the terms of the will to be used in this State or when the powers of the beneficiary are limited in such a manner that it cannot legally make use of the bequest outside of this State. Consequently, you are

respectfully advised that the bequest in question falls without the exemption contained in Article 7122 and that said bequest is subject to the inheritance tax.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS


By /s/ R. Dean Moorhead
Assistant

Approved July 15, 1943

Grover Sellers
First Assistant Attorney General


RDM/JP/cs



APPROVED
OPINION COMMITTEE

By_____BWB_____
Chairman